UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESUS GARCIA,

Defendant.

Case No. 06-20605

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

_____/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO FILE A RULE 35(B) MOTION [100]**

At Defendant's sentencing, the government successfully moved to reduce Defendant's sentence to reflect substantial assistance he provided to a government investigation. The government also acknowledged that it might file a motion to further reduce Defendant's sentence in the future, to account for separate assistance that was then ongoing. The government never filed the latter motion. On January 29, 2014, Defendant filed a Motion to Compel the Government to File a Rule 35(b) Motion [Doc. #100]. The government filed a Response [101] on February 14, 2014.

1

For the reasons stated below, Defendant's Motion to Compel the Government to File a Rule 35(b) Motion [100] is **DENIED**.

## FACTUAL BACKGROUND

On appeal from Defendant's sentence, the Sixth Circuit summarized the background of this case, in part, as follows:

> Jesus Garcia was part of a drug trafficking operation that involved moving cocaine from Texas to Michigan. Garcia and his wife, Lydia Rodriguez, were stopped by Arkansas state police on November 5, 2006. After cocaine was found in their vehicle, the two confessed to involvement in the operation and offered to cooperate with authorities.
> Garcia did provide assistance to the Government, implicating other defendants and revealing information about the operation's reach. However, during the period between Garcia's initial arrest and his indictment, he returned to selling cocaine and was violent toward Rodriguez. Because of these activities, the Government chose to detain Garcia in March of 2007, which had the effect of limiting his ability to provide further assistance. However, Garcia was able to continue providing information about the activities of his wife, who was still under investigation at the time of Garcia's sentencing. Garcia entered a Rule 11 plea agreement with the Government in which he acknowledged that his guidelines range was 262 to 327 months' imprisonment. At sentencing, the Government requested a downward departure based on what assistance Garcia had provided, but also informed the court of Garcia's resumption of drug activity following his Arkansas arrest. The Government made a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) requesting that Garcia receive a sentence of 210 months, a twenty-percent reduction from the bottom of Garcia's guidelines range.
> After hearing comments from Garcia and the prosecutor about information Garcia had provided for the ongoing investigation of Rodriguez, the court expressed its intention to grant the Government's § 5K1.1 motion. The court then asked the Government if there was a

> possibility of a Rule 35 motion for a later departure based on substantial assistance in the Rodriguez investigation. The prosecutor responded that a Rule 35 motion was possible, but stated that the possibility had not been addressed beyond the prosecutor's own office.
>
> Following allocution, the district court gave a detailed explanation of its reasons for imposing a 210-month sentence.

*United States v. Garcia*, 436 F. App'x 446, 447–48 (6th Cir. 2011). The Sixth Circuit affirmed Defendant's sentence on August 11, 2011. *Id.* at 448–49.

## ANALYSIS

Where a plea agreement affords the government complete discretion in determining whether to file a motion for a downward departure, a court may review the government's decision only for an unconstitutional motive—not for bad faith. *United States v. Villareal*, 491 F.3d 605, 608 (6th Cir. 2007). However, where a plea agreement provides that the government *will* file a motion upon a finding of substantial assistance, a court will enforce that obligation. *See id.* at 609–10. To enable such enforcement, the government must "advise the court and defendant of its factual determination of whether defendant provided substantial assistance." *Id.* at 610. The government may not simply leave the court to infer a negative finding from the government's inaction. *Id.*

Here, the parties' plea agreement provides that the substantial assistance determination "is exclusively within the government's discretion." However, the

3

agreement further provides that the government "will" seek a downward departure "[u]pon the government's determination that the defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others." Thus, the government's discretion under the agreement is limited to determining whether the motion "trigger" has been sprung—that is, determining whether Defendant has provided substantial assistance. Once the government acknowledges substantial assistance, it *must* move for a downward departure. *See Villareal*, 491 F.3d at 609–10.

In its Response, the government asserts that it decided not to file a Rule 35(b) motion on Defendant's behalf "because no additional arrests resulted from his cooperation that was not already accounted for in his Section 5K1.1 motion, and because Garcia lied to the DEA and the U.S. Attorney's Office about his own drug trafficking activities." The government does not explicitly state that it determined Defendant's additional assistance was not substantial—the only permissible rationale, under the plea agreement, for failing to move for a downward departure. Nor does the government state that Defendant breached the plea agreement, which might excuse the government from moving for a downward

4

departure even if it determined Defendant's assistance was substantial.[1]  *See United States v. Bishop*, 306 F. App'x 934, 939 (6th Cir. 2009) (citing *Villareal*, 491 F.3d at 610).

The Court does not construe *Villareal* to require the government to use precise language when delivering notice of its substantial assistance finding.  The import of the government's Response is that because Defendant diminished his credibility by lying about his own involvement in the case and because Defendant's assistance did not yield results in the form of further arrests, the government found that Defendant's further assistance was not substantial.  The plea agreement left this determination in the government's exclusive discretion.  Because Defendant has not alleged any unconstitutional motive for the determination, it is beyond the Court's review.  *Villareal*, 491 F.3d at 608.  In other words, the Court lacks authority to compel the government to file a Rule 35(b) motion as Defendant requests.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel the Government to File a Rule 35(b) Motion [100] is **DENIED.**

---

[1] The plea agreement requires Defendant to provide truthful and complete information about the case, and specifies that failure to do so even after sentencing is a breach of the agreement.  As exhibits to its Response, the government submitted two letters from Defendant to government counsel, in which Defendant admits to lying about himself in connection with the case.  These letters likely constitute a confession to breaching the agreement.

**SO ORDERED**.

                                                            s/Arthur J. Tarnow
                                                            Arthur J. Tarnow
Dated: August 19, 2015            Senior United States District Judge